IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WHEATSTRAW LLC, an Oregon limited liability company, | ) ) ) |
| Plaintiff, | ) No.  08-1176-HU ) ) |
| v. | ) FINDINGS AND ) RECOMMENDATION |
| LINDA-DARNELL MASON, TAMMY DELANEY, MICHAEL EDWARD DELANEY, and all others, | ) ) ) ) |
| Defendants. | ) ) |
| MICHAEL-EDWARD and TAMMIE-MARIE [Family: Delaney] | ) ) ) |
| Third Party Intervenors. | ) ) ) |

Gary K. Kahn
Tiffany A. Elkins
Reeves, Kahn & Hennessy
P.O. Box 86100
Portland, Oregon 97286
    Attorneys for plaintiff

Michael-Edward and Tammie-Marie
P.O. Box 1804
Fairview, Oregon 97024
    Pro se


FINDINGS AND RECOMMENDATION Page 1

HUBEL, Magistrate Judge:

This action was removed from the Circuit Court for the State of Oregon, County of Multnomah (Circuit Court). It was brought by plaintiff Wheatstraw LLC (Wheatstraw) as a forcible entry and detainer (FED) against Michael Edward Delaney, Tammy Delaney, and Linda Darnell Mason. After the Circuit Court entered General Judgment in Wheatstraw's favor and against defendants, two of the defendants, the Delaneys, filed a Notice of Removal. Wheatstraw filed a motion to remand on the grounds that this court lacked subject matter jurisdiction and that defendant Mason had failed to consent to or join in the removal. I filed Findings and a Recommendation that the motion be granted on November 10, 2008. The Findings and Recommendation was adopted by Judge King on December 18, 2008.

The matter currently before the court is Wheatstraw's request for attorney's fees and costs (doc. ## 16, 20).

Wheatstraw requests $20.00 as a prevailing party fee, pursuant to 28 U.S.C. § 1923. The request should be granted.

Wheatstraw requests an award of attorney's fees in the amount of $2,280.00, pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c). Section 1447(c) provides, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." There is no automatic entitlement to an award of attorney fees; the language of the statute makes such an award discretionary. Moore v. Permanente

FINDINGS AND RECOMMENDATION Page 2

Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992); Kanter v. Warner-Lambert Co., 265 F.3d 853, 861 (9th Cir. 2001). A finding of bad faith is not required for an award of attorney's fees under the statute. Moore, 981 F.2d at 446. This is because the award of fees is not a punitive award against defendants, but rather reimbursement to the plaintiff of unnecessary litigation costs imposed by the defendants. Id. at 447. The only requirement for the exercise of the court's discretion is that the removing party lack an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007). That requirement is met here.

A determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563-64 (1986). The factors considered to determine the number of hours reasonably expended include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Only those factors which are applicable need be

FINDINGS AND RECOMMENDATION Page 3

1  addressed. Sapper v. Lenco Blade, Inc., 704 F.2d 1069 (9th Cir.
2  1983). The prevailing market, not the fee agreement between the
3  applicant attorney and the client, provides the standard for
4  calculating a reasonable hourly rate. Carson v. Billings Police
5  Dep't, 470 F.3d 889, 892 (9th Cir. 2006). The best evidence of the
6  prevailing rate in Portland, Oregon, is the periodic Economic
7  Survey conducted by the Oregon State Bar. Roberts v. Interstate
8  Distributor Co., 242 F. Supp.2d 850, 857 (D. Or. 2002); Megavail,
9  Inc. v. Illinois Union Ins. Co., CV 05-1374-AS, 2007 WL 3232605 (D.
10 Or. November 1, 2007).

11      Counsel Tiffany A. Elkins requests fees for 12 hours at an
12 hourly rate of $190.00. Ms. Elkins has submitted documentation of
13 tasks performed and time spent on this case. Many of the entries
14 contain block billing, in which several tasks are grouped and
15 billed in a single block of time, a practice disapproved of in this
16 court because block billing makes it more difficult to determine
17 how much time was spent on particular tasks. *See, e.g.,* Welch v.
18 Metropolitan Life Ins. Co., 480 F.3d 942, 947 (9th Cir. 2006);
19 Megavail at *5; Taylor v. Albina Cmty. Bank, 2002 WL 31973738 (D.
20 Or. October 2, 2002); Frevach Land Co. v. Multnomah County, CV 99-
21 1295-HU, 2001 WL 34039133 (D. Or. December 18, 2001) at *8, Phillin
22 Corp. v. Westhood, Inc., CV 04-1228-HU, 2006 WL 3513655 (D. Or.
23 2006). In Frevach, I concluded that any block billing entry of
24 three or more hours, containing four or more tasks, prevents the
25 court from assessing the reasonable number of hours spent on a
26 given task. Similarly, I concluded that any block billing entry of
27
28 FINDINGS AND RECOMMENDATION Page 4

three or more hours and containing two or more tasks, when one of the tasks could have taken anywhere from a small to a substantial amount of time, also prevent the court from determining the time spent. Because counsel's block billing entry for three or more hours contains two tasks, legal research and drafting documents, both of which generally require substantial time, I have not reduced the time billed in block format. However, counsel is admonished to refrain from the practice of block billing in fee documentation submitted to this court.

I conclude that the 12 hours expended on this case by counsel are reasonable in light of the time and labor required to obtain a remand in this case. I further conclude that counsel's hourly rate of $190.00 per hour conforms to the hourly rate in the 2007 Oregon State Bar Economic Survey for attorneys in private practice in Portland, Oregon admitted for four to six years ($170 per hour, 25th percentile, $210, 75th percentile, $240 per hour, 95th percentile).

## Conclusion

I recommend that Wheatstraw's request for attorney's fees in the amount of $2,280.00, and costs in the amount of $20.00 (doc. ## 16, 20) be GRANTED, with the proviso that to the extent Wheatstraw recovers contractual attorney's fees in the Circuit Court, any fees awarded in this case that constitute a double recovery for Wheatstraw not be awarded.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are

FINDINGS AND RECOMMENDATION Page 5

due March 11, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due March 25, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 24th day of February, 2009.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

OPINION Page 6